JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIMAL N. PATEL, et al., | Case No. CV 23-7072 FMO (PDx) |
| Plaintiffs, | |
| v. | **ORDER DISMISSING ACTION WITHOUT PREJUDICE** |
| LILA GARCIA BROWER, et al., | |
| Defendants. | |

    Plaintiff filed her complaint on August 27, 2023.  (Dkt. 1, Complaint).  By order dated November 17, 2023, plaintiff was ordered to show cause, on or before November 22, 2023, why this action should not be dismissed for failure to effect service of process as required by Rule 4 of the Federal Rules of Civil Procedure.[1]  (See Dkt. 10, Court's Order of November 17, 2023). Plaintiff was admonished that "[f]ailure to file a timely response to this Order to Show Cause shall result in the action or the above defendant(s) being dismissed for lack of prosecution and for failure to comply with the orders of the court."  (Id.) (citing Fed. R. Civ. P. 4 & 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962)).  No such response has been filed as of the date of this Order.  (See, generally, Dkt.).

---

[1] All "Rule" references are to the Federal Rules of Civil Procedure.

Rule 4(m) of the Federal Rules of Civil Procedure provides that a court, on its own initiative, "must dismiss the action without prejudice" if service is not effected "within 90 days after the complaint is filed[.]" In addition, a district court's authority to dismiss a litigant's claims for failure to prosecute or to comply with court orders is well-established. See Fed. R. Civ. P. 41(b); Link, 370 U.S. at 629, 82 S.Ct. at 1388 ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Link, 370 U.S. at 629-30, 82 S.Ct at 1388.

In determining whether to dismiss plaintiff's action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, the court considers the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik, 963 F.2d at 1260-61); see Applied Underwriters, Inc. v. Lichtenegger, 913 F.3d 884, 891 (9th Cir. 2019) ("By its plain text, a Rule 41(b) dismissal . . . requires 'a court order' with which an offending plaintiff failed to comply."). "Although it is preferred, it is not required that the district court make explicit findings in order to show that it has considered these factors and [the Ninth Circuit] may review the record independently to determine if the district court has abused its discretion." Ferdik, 963 F.2d at 1261.

Having considered the Pagtalunan factors, the court is persuaded that this action should be dismissed for failure to comply with a court order and failure to prosecute. In light of the court's Order of November 17, 2023, it is clear that plaintiff has been advised of her obligation to effect valid service of process under Rule 4(i), and that she was placed on notice that dismissal of this action without prejudice would result if she failed to complete service of process within the extended time provided by the court. (See Dkt. 10, Court's Order of November 17, 2023). Plaintiff's failure properly effect service hinders the court's ability to move this case toward disposition and indicates that plaintiff does not intend to litigate this action. In other words,

plaintiff's "noncompliance has caused [this] action to come to a complete halt, thereby allowing [her] to control the pace of the docket rather than the Court." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) (internal quotation marks omitted).  Further, plaintiff was warned that failure to file valid proofs of service would result in a dismissal of the action for lack of prosecution and failure to comply with a court order.  (See Dkt. 10, Court's Order of November 17, 2023); see also Ferdik, 963 F.2d at 1262 ("[A] district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the consideration of alternatives requirement.") (internal quotation marks omitted).  Thus, having considered the Pagtalunan factors, the court is persuaded that the instant action should be dismissed for failure to comply with a court order and failure to prosecute.

      Based on the foregoing, IT IS ORDERED that judgment be entered dismissing this action, without prejudice, for failure to effect service and comply with the orders of this Court.

Dated this 27th day of November, 2023.

                                      /s/
                            Fernando M. Olguin
                        United States District Judge